1   Edward S. Coleman, Esq., NSB 000601                    E-FILED 10/20/09
    Elizabeth DeFlyer, Esq. SBN: 010021
2   COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
    9708 S. Gilespie Street, Suite A-106
3   Las Vegas, NV 89183-7614
    Telephone: (702) 699-9000
4   Facsimile: (702) 699-9006
    E-Mail: mail@coleman4law.com
5   *Attorneys for Debtor,*
    Carolee Sabangan

6

7                      **UNITED STATES BANKRUPTCY COURT**
                             **DISTRICT OF NEVADA**

8
    | In re: | CASE NO.: 09-19204-mkn |
9   | | |
10  | CAROLEE SABANGAN, | Chapter 13 |
11  | | |
12  | | Hearing Date: December 3, 2009 |
    | Debtor. | Hearing Time: 2:30 P.M. |
13  | | Courtroom: 2 |
14

15  **MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF
    BAC HOME LOANS SERVICING L.P. PURSUANT TO 13 U.S.C. §506(a) and §1322**

16

17  TO: THE HONORABLE BANKRUPTCY JUDGE MIKE K. NAKAGAWA:

18       CAROLEE SABANGAN (hereinafter referred to as "Debtor"), by and through her

19  attorneys COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION, move

20  this Court pursuant to 13 U.S.C. §506(a) and §1322 and Bankruptcy Rules 3012 and 9014 of the

21  Federal Rules of Bankruptcy Procedure to value collateral securing certain residential loans and re-

22  classify portions of lenders' claims as unsecured, and, in support of the Motion represent:

                            **STATEMENT OF FACTS**

23

24       1.       Debtor filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy

25                                   Page 1

26

28

Code, Case Number 09-19204-mkn on June 1, 2009.

2.    On the date of filing said petition, Debtor owned, among other assets, an investment property located at 6239 Legend Falls Street, North Las Vegas, NV 89081 (hereinafter referred to as **"Subject Property"**).

3.    On the petition date, the estimated value of the **Subject Property** was $125,000.00, however, the current market value is $138,370.00, as set forth on **"Exhibit A"**, attached herein and incorporated for reference.

4.    At the time of filing the petition, the **Subject Property** was subject to the following lien:

a.    BAC HOME LOANS SERVICING L.P., Account No. **xxxxx0133,** (First Mortgage and/or First Deed of Trust):TWO HUNDRED THIRTY-FIVE THOUSAND, NINE HUNDRED SIXTY FOUR DOLLARS AND ZERO CENTS ($235,964.00) as set forth in Proof of Claim #9, attached herein as **"Exhibit B"** and incorporated for reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

5.    Section 506(a)(1) of the Bankruptcy Code provides that a Chapter 13 Debtor may bifurcate a secured lender's claim into an allowed secured claim and an allowed unsecured claim based upon the actual value of the property securing such lender's lien.

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506 (a)(1)

6.    The Supreme Court has recognized that Section 506 of the Bankruptcy Code defines

Page 2

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

the amount of the secured creditor's allowed secured claim and the conditions of his receiving post-petition interest. <u>United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.,</u> 484 U.S. 365, 371 (1988). In <u>United Sav. Ass'n of Texas,</u> the Supreme Court interpreting Section 506(a) of the Bankruptcy Code found that:

> In subsection (a) of this provision the creditor's "interest in property" obviously means his security interest without taking into account of his right to immediate possession of the collateral on default. If the latter were included, the "value of such creditor's interest" would increase, and the proportions of the claim that are secured and unsecured would alter, as the stay continues-since the value of the entitlement to use the collateral from the date of bankruptcy would rise with the passage of time. No one suggests this was intended. The phrase "value of such creditor's interest" in § 506(a) means "the value of the collateral."

<u>See id.</u> (emphasis added) (quoting H.R. Rep. No. 95-595, pp. 181, 356 (1977)).

7.    The Ninth Circuit agrees with this interpretation of section 506 of the Bankruptcy Code. <u>In re Maldonado,</u> 46 B.R. 497, 499 (9th Cir. BAP 1984) (interpreting section 506(a), "a claim is a secured claim to the extent of the value of [the] creditor's interests in the estate's interest in the property. The entire claim is not a secured claim. The claim is secured only to the extent of the value of the secured interest.")

8.    In addition, this Bankruptcy Court has found that "an 'allowed secured claim' is a determination generally made under 13 U.S.C. § 506." <u>In re BBT,</u> 11 B.R. 224, 229 (Bankr.D. Nev. 1981). The Bankruptcy Court further stated that, with respect to a claim secured by a lien on property of the estate, "to the extent that the value of the property is less than the amount of the total allowed claim, **the claim is unsecured.**" <u>Id.</u> (emphasis added). Thus, pursuant to the law of this Circuit, the amount of the allowed secured claim cannot exceed the market value of the property and the remainder of the claim must be treated as an allowed unsecured claim for the purposes of the plan.

9.    Moreover, the Ninth Circuit Court of Appeals has also found that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to section 506 (a) of the Bankruptcy Code. See <u>In re Zimmer,</u> 313 F.3d 1220 (9th Cir.2002), Specifically, the Court held:

Page 3

> Section 506(a) divides creditors' claims into 'secured claims' and 'unsecured claims.' Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, §506(a) makes clear that the status of a claim depends on the valuation of the property:

> 'An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.'

> 11 U.S.C. 506(a). To put it more simply, a claim such as a mortgage is not a 'secured claim' to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, 'secured claim' is thus a term of art; not every claim that is secured by a lien on a property will be considered a 'secured claim.' Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

In re Zimmer, 313 F.3d at 1222-23.

10.    Bankruptcy law is clear; absent sufficient equity in the Properties, the mortgage lenders' claims, which are only partially secured (excluding Debtor's Primary Residence) should be bifurcated into secured and unsecured claims. The second mortgage lenders, who are wholly unsecured, should receive only their pro rata distribution with other general unsecured creditors through the Debtor's Chapter 13 plan.

11.    Finally, the filing of a motion rather than an adversary proceeding to achieve the relief requested herein is appropriate in this Court. See In re Bonsignori, Case No. BKS-08-11830-LBR (D. Nev. June 25, 2008) (approving the stripping off of an unsecured lien by motion); See also In re Williams, 166 B.R.615 (Bankr.E.D.Va.1994); In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000); In re Hoskins, 262 B.R. 693 (Bankr.E.D.Mich.2001); In re King, 290 B.R. 641 (Bankr.C.D.Ill.2003); In re Millspaugh, 302 B.R. 90 (Bankr.D.Idaho 2003); Dickey v. Ben. Fin. (In re Dickey) 293 B.R. 360 (Bankr.M.D.Pa.2003); In re Hill, 304 B.R. 800 (Bankr.S.D. Ohio 2003); In re Sadala 294 B.R. 180 (Bankr.M.D.Fla.2003); In re Fisher, 289 B.R. 544 (Bankr.W.D.N.Y.2003); In re Robert, 313 B.R. 545 (Bankr.N.D.N.Y.2004); In re Fuller, 225 B.R. 300 (Bankr. W.D. Mich.

Page 4

2000); and In re Bennett, 312 B.R. 843 (Bankr.W.D.Ky.2004). Instead, Debtor may bring the instant motion.

## CONCLUSION

12.    Accordingly, because the first mortgage on the **Subject Property** is under secured, BAC HOME LOANS SERVICING, L.P.'S claim should be bifurcated into secured and unsecured claims based on the market value of the Property as shown in the appraisal as set forth in "**Exhibit A".**

**WHEREFORE**, Debtor prays that this Court:

1.    Valuate the **Subject Property** in accordance with the appraisal attached hereto;

2.    Bifurcate BAC HOME LOANS SERVICING, L.P.'S claim into secured and unsecured claims in the respective amounts of ONE HUNDRED THIRTY-EIGHT THOUSAND THREE HUNDRED SEVENTY DOLLARS AND ZERO CENTS ($138,370.00) as a secured claim and ONE HUNDRED THOUSAND, FOUR HUNDRED SEVENTY-FOUR DOLLARS AND FIFTY-FOUR CENTS ($100,474.54) as an unsecured claim;

3.    Order the not payable to BAC HOME LOANS SERVICING, L.P. on the reduced value of collateral security in the amount of ONE HUNDRED THIRTY-EIGHT THOUSAND THREE HUNDRED SEVENTY DOLLARS AND ZERO CENTS at a fixed interest rate of 6% over 30 years($138,370.00).

4.    Such other relief the Court deems just and proper.

DATED this 20th day October, 2009.

COLEMAN LAW ASSOCIATES, APLC

By: /s/Elizabeth DeFlyer, Esq.
ELIZABETH DEFLYER, ESQ.
Nevada Bar No. 010021
9708 S. Gilespie Street, Suite A-106
Las Vegas, NV 89183
Attorneys for Debtor

Page 5

1

## **LIST OF EXHIBITS**

2

**EXHIBIT A:**

3

**RESIDENTIAL PROPERTY VALUATION**
Carolee A. Sabangan
6239 Legend Falls Street.
North Las Vegas, NV 89081

4

5

**EXHIBIT B:**

6

**PROOF OF CLAIM NO. 9**
BAC Home Loans Servicing, L.P.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 6

26

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006

27

28